# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:94CR68 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| JASON JARVIS, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Jason Jarvis's Motion for Compassionate Release. (Doc. 574). For the following reasons, the Court **DENIES** Defendant's Motion.

### I. BACKGROUND

On March 15, 1994, a Grand Jury indicted Defendant with twelve counts stemming from multiple bank robberies and firearm related offenses. A Jury found Defendant guilty on ten of those counts and the Court sentenced Defendant to over 96 years imprisonment. Defendant's sentence included 85 consecutive years for five separate convictions under 18 U.S.C. § 924(c). The Sixth Circuit affirmed Defendant's conviction and sentence on appeal and on collateral attack.

In May of 2015, Defendant moved for post-conviction relief under civil Rule 60(b) based on the Supreme Court's decision in *Rosemond v. United States*, 134 S.Ct. 1240 (2014). Because of *Rosemond*, the parties proposed a Joint Resentencing Agreement, which the Court accepted

and adopted. Accordingly, the Court reduced Defendant's sentence to 40 years. Defendant has served over 26 years and is currently incarcerated at Elkton Federal Correctional Institution.

On May 29, 2020, Defendant filed his Motion for Compassionate Release. (Doc. 574). On June 29, 2020, the Government filed its opposition. (Doc. 578). Defendant filed a Reply on July 7, 2020. (Doc. 579).

## II. LAW & ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in certain circumstances, a defendant may ask the court to modify a sentence, otherwise known as "compassionate release." *Id.* at § 3582(c)(1)(A). Before doing so however, a defendant must exhaust his administrative remedies. *Id.*; *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020). Both parties agree that Defendant here has exhausted his administrative remedies. (*See* Doc. 578, PageID: 1550).

After a defendant has exhausted his administrative remedies, he may ask the court for compassionate release. After considering the § 3553(a) factors, a district court may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission." § 3582(c)(1)(A)(i).[1]

That applicable policy statement is outlined in § 1B1.13 of the Sentencing Guidelines. There, the Commission lists 'extraordinary and compelling reasons' as: (A) Medical Condition of the Defendant; (B) Age of the Defendant; (C) Family Circumstances; and (D) Other Reasons, a 'catch-all' provision for extraordinary reasons outside those listed. U.S.S.G. § 1B1.13, n. 1.

---

[1] There is a second scenario that entitles a defendant relief based on his or her age, but that section is not applicable to Defendant. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

Important here, as currently drafted, the 'Other Reasons' must be "determined by the Director of the Bureau of Prisons." *Id.* at § 1B1.13, n. 1(D).

Ultimately, "[t]he defendant has the burden to show he is entitled to a sentence reduction" under § 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Here, Defendant has not demonstrated that 'extraordinary and compelling reasons' warrant a sentence reduction. Defendant's request for a reduction is based on his health, the Bureau's mismanagement of the COVID-19 pandemic and recent changes to sentencing policy. Even after considering these in combination, the Court still determines that a reduction is impermissible.

Defendant presented evidence that he suffers from high blood pressure and that he has a history of bronchitis. Neither condition is terminal. *See* U.S.S.G. § 1B1.13, n. 1(A)(i). The only other possibly applicable policy statement requires Defendant to suffer "from a serious physical or medical condition…that substantially diminishes [his] ability…to provide self-care" at the correctional facility and from which he is not expected to recover. *Id.* at § 1B1.13, n. 1(A)(ii).[2] Defendant does not claim that his high blood pressure or history of bronchitis 'substantially diminishes' his ability to care for himself at Elkton. In fact, Defendant has had high blood pressure "for the past five years" and has been able to care for himself throughout his time in prison. (Doc. 574, PageID: 1491). The same is true for his 'history' of bronchitis—medical records indicate that the condition was resolved after treatment in the facility. (Doc. 578, PageID 1555). Accordingly, Defendant's medical conditions—by themselves—are not extraordinary and compelling reasons for compassionate release.

---

[2] The policy statement provides guidance for two other situations under Medical Conditions that relate to functional or cognitive impairment and deterioration due to the aging process. Neither is applicable here.

But what if you add the presence of a contagious virus that is known to be fatal to certain individuals with preexisting conditions? That presents more consideration. Many district courts have determined that, as written, Sentencing Guideline § 1B1.13 conflicts with the Congress's mandate to "increase the use…of compassionate release" as expressed in the First Step Act. *See United States v. Decator*, --- F. Supp.3d ----, 2020 WL 1676219, * 2 (D. Md. April 6, 2020) (collecting cases); FIRST STEP ACT OF 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194, 5239 (hereafter "FIRST STEP ACT"), § 603(b). Accordingly, these courts determine that they are not bound by the Bureau in determining if "Other Reasons" exist for compassionate release. *United States v. Thomas*, 2020 WL 3895781, * 3 (W.D. Va. July 10, 2020) (collecting cases). The courts then look at COVID-19 and determine that this is precisely an "Other Reason" that allows for compassionate release. *United States v. McClellan*, 2020 WL 2933588, *2 (N.D. Ohio June 3, 2020) (collecting cases).

This is logical enough. And the Court agrees to an extent with these courts—COVID-19 is certainly 'extraordinary' in the normal sense of the world. But the Court also believes, like other courts, that the mere presence of COVID-19 at a facility does not—by itself— justify compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society…cannot independently justify compassionate release"); *see also United States v. Brown*, 2020 WL 3833284, *3 (D. Md. July 8, 2020) ("The fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release under the First Step Act"). So, the Court must then determine if

- 4 -

Defendant's claimed Medical Condition of high blood pressure,[3] coupled with the presence of COVID-19 at the facility, is enough to justify compassionate release here.

The Court holds that the combination is not enough. The Centers for Disease Control and Prevention has provided guidance for people who are at increased risk for severe illness due to COVID-19.[4] That guidance provides information for two groups of individuals—i) older adults and ii) people with underlying medical conditions.[5] At 46, Defendant would not be considered an "older adult," although risks do increase as the person ages. As for underlying medical conditions, the CDC states that individuals with high blood pressure "might be at an increased risk" for severe illness from COVID-19.[6] Defendant's expert agrees with this finding. (Doc. 579-2, PageID: 1605, "[I]t is my opinion that [Defendant] might be at high risk of needing a high level of care, getting serious and debilitating complications, and dying should he contract COVID-19"). Unfortunately for Defendant—and our society at large—the CDC estimates that "[n]early half of adults in the United States (108 million, or 45%) have hypertension…or are taking medication for hypertension."[7]

---

[3] Defendant abandons his reliance on his past bronchitis in his Reply. Indeed, Defendant's medical expert relies exclusively on Defendant's high blood pressure. (*See* Doc. 579-2, PageID: 1604, where Dr.Elie Saade offers his medical opinion "related to [Defendant's] high blood pressure").

[4] Centers for Disease Control and Prevention, "People Who Are at Increased Risk for Severe Illness," (updated June 25, 2020), *available at*: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited Aug. 7, 2020).

[5] *Id.*

[6] Centers for Disease Control and Prevention, "People with Certain Medical Conditions," (updated July 30, 2020), *available at*: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#serious-heart-conditions (last visited Aug. 7, 2020).

[7] Centers for Disease Control and Prevention, "Facts About Hypertension," (last reviewed Feb. 25, 2020), https://www.cdc.gov/bloodpressure/facts.htm (last visited Aug. 7, 2020).

Moreover, "[t]here are differences…in severity and type of hypertension that affect a person's vulnerability to developing a serious illness from COVID-19." *United States v. Avery*, 2020 WL 4287593, at *4 (S.D.W.V. July 23, 2020). For example, the CDC identifies "pulmonary hypertension," or high blood pressure affecting the lungs, as a specific type of high blood pressure that might increase a person's risk of severe illness if they contract COVID-19.[8] Here, there is no indication that Defendant suffers from pulmonary hypertension. Rather, Defendant's blood pressure fluctuates from Prehypertension to low Stage 1 Hypertension. He has not reached Stage 2 Hypertension, the more serious condition. Finally, Defendant's age mitigates against a finding of extraordinary and compelling reasons. While Defendant cites cases in this District that found hypertension is enough, those cases also dealt with older individuals. *See McClellan*, 2020 WL 2933588, * 1 (defendant is 58 years old); *United States v. Sparrow*, 5:98CR126, * 5 (N.D. Ohio June 18, 2020) (defendant is 78); *United States v. Mines*, 4:18CR552 (while not explicitly mentioned in the opinion, defendant is 57[9]). Moreover, other district courts have found that hypertension and COVID-19 do not justify compassionate release. *Thomas*, 2020 WL 3895781, *4; *Brown*, 2020 WL 3833284, *4; *United States v. Peaks*, 2020 WL 2214231, *2 (E.D. Mich. May 7, 2020). For these reasons, the combination of Defendant's hypertension and COVID-19 are not enough to justify compassionate release.

Finally, the Court holds that a disparity based on a change in sentencing law cannot serve as "extraordinary and compelling reasons" under § 3582(c)(1)(A). Defendant requests that the Court consider the changes made by the First Step Act to § 924(c). Yet at the same time, Defendant acknowledges that Congress has not made the amendment retroactive. *See* FIRST

---

[8] *See supra* note 6.

[9] Bureau of Prisons, "Find an Inmate," https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (then search 'Armando Mines').

STEP ACT, § 403(b) (applying the amendments to 18 U.S.C. § 924(c)(1)(C) to offenders who have yet to be sentenced as of December 21, 2018).

Defendant grounds his request in the fact that the applicable policy statement is outdated and that Bureau policy statements have no bearing on the Court. (Doc. 579, PageID: 1598). While it is true that § 1B1.13 is outdated, it still provides guidance. *Thomas*, 2020 WL 3895781, \*3. That guidance is silent with respect to changes in sentencing since the original sentence. *United States v. Saldana*, 807 Fed. App'x 816, 820 (10th Cir. Mar. 26, 2020) ("neither the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction"). In fact, in what little guidance district courts do have, the Sixth Circuit reminds us that compassionate release is "available only to elderly prisoners and those with 'extraordinary and compelling reasons' for release." *Alam*, 960 F.3d at 835. And by amending the compassionate release statute in the First Step Act, "Congress gave inmates an option to seek early release ***on health grounds***." *Id.* (emphasis added).

Thus, inquiry under the compassionate release statute must be highly individualized, and not based on facts or changes in the law that affect hundreds—if not thousands—of prisoners. *See United States v. Smith*, 2020 WL 4273816, \*2 (N.D. Ohio July 24, 2020) ("The compassionate release analysis is a highly individualized inquiry that takes into account a variety of relevant facts"). Facts like the First Step amendments (which impacts hundreds of prisoners) and COVID-19 (which impacts all prisoners) are too general to satisfy this individualized analysis. And if Congress wanted the changes to § 924(c) to apply retroactively, it could have done just that. But Congress did not, despite making other laws retroactive in the same bill. *See* FIRST STEP ACT, § 404(b).

- 8 -

Defendant's citation to supportive caselaw does not change this Court's opinion.  The Court has thoroughly researched and analyzed this issue and agrees with other district courts that have determined that changes in sentencing policy do not warrant extraordinary and compelling reasons for compassionate release.  *See, e.g., United States v. Rucker*, 2020 WL 4365544, *4 (D. Kan. July 30, 2020) ("the Court concludes that it may not grant defendant relief under Section 3582(c)(1)(A) based on the disparity between his sentence and the sentence he would have received if given the benefit of a subsequent amendment of sentencing law").

Thus, because Defendant has not demonstrated any 'extraordinary and compelling reason' to justify compassionate release, his Motion is without merit.

### III. CONCLUSION

Because Defendant cannot demonstrate any unique and individualized 'extraordinary and compelling reason' for release, the Court **DENIES** Defendant's Request for Compassionate Release.  (Doc. 574).

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: August 14, 2020**