**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:94CR68** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **JASON JARVIS,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Jason Jarvis's Motion to modify the conditions of his supervised release and to terminate his restitution obligation. For the reasons set forth below, the Motion is **GRANTED**.

## I. BACKGROUND

On March 15, 1994, a grand jury indicted Defendant on twelve counts stemming from multiple bank robberies and firearm-related offenses. A jury convicted Defendant on ten counts and the Court sentenced him to 96 years imprisonment and ordered $57,462.00 in restitution. (ECF # 208). On February 15, 1995, the Court amended the restitution order, correcting the restitution amount from $57,462.00 to $55,762.00. (ECF # 246).

On May 15, 2017, Defendant and Government filed a joint sentencing agreement (ECF #547) and the Court resentenced Defendant to 480 months, leaving his supervised release and restitution obligation unchanged. (ECF # 551).

On November 28, 2023, Defendant moved for compassionate release under the First Step Act of 2018. (ECF # 637). On February 13, 2024, the Court granted the motion, reducing his sentence to time served, while leaving his supervised release conditions and restitution obligation unchanged. (ECF # 644).

On May 12, 2026, Defendant filed the instant Motion asking the Court to remove his restitution condition from his supervised release, relying on the Supreme Court's holding in *Ellingburg v United States*, 607 U.S. 153 (2026). (ECF # 670). The Government responded, disagreeing with Defendant's reasoning, but not objecting to the requested modification. (ECF # 672).

## II. Law and Analysis

At the time of Defendant's offense and sentencing, the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. §§ 3663-3664 (1982), gave courts discretion to order restitution as part of a criminal sentence. The VWPA provided the United States several enforcement mechanisms, including § 3613, under which restitution operates as a lien on the defendant's property that expires twenty years after entry of judgment. The Government concedes that § 3613 governs here, meaning its authority to enforce restitution under VWPA has expired. (ECF # 672).

Because the VWPA was effective at the time of Defendant's acts and conviction, the Court need not reach Defendant's arguments about the Mandatory Victims Restitution Act ("MVRA") under *Ellingburg*; the Court does not apply MVRA retroactively.

## III. Conclusion

The VWPA governs Defendant's restitution obligation and the Government's $55,762.00 lien under § 3613(a) expired on November 22, 2014, twenty years after Defendant's judgment was entered.

Accordingly, Defendant's Motion is **Granted.**

**IT IS SO ORDERED.**

**/s Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: September 1, 2026**